IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Brandon Cass, | ) | Case No. 6:20-cv-01739-DCC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Deputy Skinner, Master Deputy | ) | |
| Boone, Master Deputy Brown, | ) | |
| Lieutenant McAlister, Greenville County | ) | |
| Sheriff Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's second amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  ECF No. 22.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").  On June 29, 2020, the Magistrate Judge issued an Order informing Plaintiff that this action was subject to summary dismissal.  ECF No. 20.  Plaintiff was told that he could attempt to cure the defects in his amended complaint by filing a second amended complaint.  Plaintiff was warned that failure to file a second amended complaint could result in dismissal of his claim with prejudice and without leave for further amendment.  Plaintiff filed a second amended complaint.

On July 16, 2020, the Magistrate Judge issued a Report recommending that the Greenville County Sheriff Department be dismissed without issuance and service of

process.[1]  ECF No. 27.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report.[2]  Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the

---

[1] Service of process was authorized with respect to the remaining Defendants. ECF No. 26.

[2] The Court notes that the Report was returned as undeliverable.  *See* ECF No. 31.  Plaintiff was specifically warned that it was his responsibility to keep the Court informed as to his current address.  *See* ECF No. 16.

recommendation of the Magistrate Judge.  The Greenville County Sheriff Department is dismissed from this action with prejudice and without issuance and service of process.[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 23, 2020
Spartanburg, South Carolina

---

[3] *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015), *abrogated in part by Bing v. Bravo Sys., LLC*, 959 F.3d 605, 614–15 (4th Cir. 2020)).